BOOTH, Judge.
This cause is before us on appeal from a final order of the Department of Revenue [DOR] dated November 22, 1977, upholding a sales tax deficiency assessed against appellant Moody. The question presented is whether interest charged by petitioner Moody on a lease-purchase transaction *198 should be classified as a charge for the extension of credit and hence not subject to sales tax (as contended by Moody) or as part of the total sales price paid when the option to purchase is exercised and hence subject to sales tax (as contended by DOR).
Appellant M. D. Moody & Sons, Inc., deals in sales and rentals of heavy equipment such as mobile and stationary cranes, concrete mixers, tractors, and other road building and heavy construction machinery. Since the mid-1940’s, Moody has sold a general line of construction equipment on a lease-purchase basis. This procedure allows a customer to acquire heavy machinery without committing large sums of capital to long-term credit transactions. Moody’s bid to a prospective purchaser includes (1) the price of a piece of equipment, (2) a monthly rental price applicable should purchaser elect to lease the equipment, (3) a discount negotiated to apply in the event of purchase and (4) the interest rate which is negotiated and agreed to when the original lease-purchase agreement is made, to apply in the event the purchaser exercises the option to purchase. The purchaser may either lease the equipment by paying the monthly rental, and never exercise his option to purchase, or the purchaser may lease for a number of months until his “equity” builds up to the point that it becomes economical to purchase the equipment. Upon election of the purchase option, all amounts previously paid as rental are subtracted from the purchase price, less a discount previously negotiated and agreed upon. The interest rate previously negotiated is then multiplied by the outstanding principal balance reduced each month from the beginning of the transaction to the date of the exercise of the option. The interest is computed on the credit extended during the previous period of the lease and is a charge for the use of Moody’s money during the term of the lease.
Moody points out that it borrows money from banks to finance the purchase of equipment that it then leases and that the lease-purchase transaction reflects an extension of credit by Moody to the purchaser. The interest charged is the cost of money incurred by Moody in financing the equipment during the period the customer used it before exercising the option to purchase.
The hearing officer’s order recommended that DOR abandon its deficiency assessment, and stated, in part', the following conclusions:
“[T]he portions of lease payments which petitioner allocates to interest constitute a finance charge, which was separately stated at the time the lease purchase agreement was entered into. The gist of Rule 12A-1.17, F.A.C., is that installament payments in themselves give rise to no presumption that credit has been extended. But the lease purchase agreements petitioner enters into with its customers expressly contemplate the extension of credit and specify the rate of interest. Rule 12A-1.17, F.A.C., which provides that separately stated finance charges are exempt from sales tax, evinces no intent to exclude installment sales involving lease options from its coverage. Because petitioner’s customers who exercised their purchase options had already paid sales tax on the portions of lease payments petitioner allocated to interest, they were entitled to the offsetting credits they received when the transactions were closed out.
Pursuant to Rule 12A — 1.17, F.A.C., interest is not subject to sales tax in situations where ‘a cash selling price is stated and interest . . . [is] added thereto.’ This is the equivalent of a situation where the rate of interest at which credits against a cash selling price are to be reduced is stated, as in petitioner’s contract with Poston.
The ambiguity inherent in a lease purchase agreement resolves itself only when the option to purchase expires, whether by being exercised or upon termination of the lease. Pursuant to Rule 12A-1.71(6), F.A.C., sales taxes are paid on the entire amount of periodic ‘payments under a lease purchase . . . agreement.’ Because such payments are ordinary rental payments in the event the lessee does not exercise the option to purchase, this *199 results in equal treatment of lessees without regard to whether their leases contain certain purchase options. If the option to purchase is exercised, rendering the transaction an installment sale, the installment buyer need not forfeit sales tax paid on finance charges, if those charges have been separately stated. Rule 12A-1.17, F.A.C. This results in equal treatment of installment buyers without regard to whether their installment sales contracts contain lease options.”
The Department adopted the Findings of Fact of the hearing officer, but rejected his Conclusion. The Department’s recommendation that the assessment for sales tax be upheld was adopted by the Governor and Cabinet.
We reverse, and hold that the interest charges are not subject to sales tax. Accordingly, the order of the DOR is REVERSED and the cause REMANDED with directions that the deficiency assessment against appellant be withdrawn.
BOYER, Acting C. J., and SMITH, J., concur.